A89A1642. IN THE INTEREST OF K. E. B., a child.
(388 SE2d 1)

BANKE, Presiding Judge.

This is the second appearance of this parental rights termination case before this court. In *In the Interest of K. E. B.,* 190 Ga. App. 121 (378 SE2d 171) (1989), we vacated a prior judgment entered by the juvenile court terminating the appellants' parental rights in their minor child and remanded the case "for consideration of alternative dispositions." Id. at 126. We did so based on a conclusion that, although there was clear and convincing evidence that the child was deprived and that the parents were presently unfit to care for her, there was less than clear and convincing evidence "that the parental unfitness which caused K. E. B.'s deprivation 'will not likely be remedied.' " Id. at 125. On remand, however, the trial court did not make an alterna-

tive disposition but again entered an order terminating the appellants' parental rights, based on a determination that two depositions on which it had relied in entering its prior judgment had inadvertently, through no fault of the parties, been omitted from the record transmitted to this court in the prior appeal.

The evidence in this case, with the exception of the testimony in the two depositions referred to above, has been summarized in this court's prior decision. In brief, it was shown that the mother has physically abused the child in the past and that the father, who still lives with the mother and has manifested no intention of making alternate living arrangements, suffers from a physical disability which renders him incapable of intervening to protect the child from such abuse. The depositions which were omitted from the record in the prior appeal consist of opinion testimony from two psychologists to the effect that the likelihood of the mother's being able to change her abusive behavior patterns, even with long term psychotherapy or counseling, is remote. On the basis of that testimony, the court reiterated its prior conclusions that there was clear and convincing evidence that the child is a "deprived child," as that term is defined in OCGA § 15-11-2; that the cause of the child's deprivation is lack of proper parental care or control; that such lack of proper parental care or control is likely to continue and will not likely be remedied; and that such continued deprivation will cause or is likely to cause serious physical, mental and emotional harm to the child. See generally OCGA § 15-11-81 (b) (4) (A). Accordingly, the court again entered an order terminating the appellants' parental rights in the child. *Held*:

We agree with the appellee that the testimony contained in the two depositions which the clerk of the lower court inadvertently failed to transmit to this court in connection with the initial appeal of this case is sufficient to remedy the evidentiary deficiency on which our prior decision was based. While we emphasize that a trial court is normally obliged to abide by rulings of this court and the Supreme Court without regard to considerations such as whether those rulings are based upon a complete record, see generally OCGA § 9-11-60 (h), we are unwilling in the present case to sacrifice the potential well-being of the appellants' child upon the altar of that principle. Accordingly, having now been presented with clear and convincing evidence to support the juvenile court's determination that the parental unfitness which caused the child's deprivation will not likely be remedied, we affirm that court's most recent judgment terminating the appellants' parental rights.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 28, 1989 —
REHEARINGS DENIED OCTOBER 17, 1989 AND NOVEMBER 1, 1989 —

*Winslow H. Verdery*, for appellant.
*McClure, Ramsey & Dickerson, Martha B. Sikes, Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General*, for appellee.